## THOMAS *v.* HENJES.

*(Supreme Court, General Term, Second Department.* December 14, 1891.)

NEGLIGENCE OF DOCK-OWNER—FALL OF DERRICK—EVIDENCE.

Plaintiff's intestate, while standing on the deck of his barge moored at defendant's dock, was killed by the fall of a derrick on the dock. The evidence showed that defendant owned and occupied the derrick, and allowed the same to remain in an unsecure and dangerous condition. *Held* sufficient to sustain a finding of negligence on the part of defendant.

Appeal from circuit court, Kings county.

Action by Henry W. Thomas, administrator of Samuel B. Thomas, deceased, against Gerd H. Henjes. From a verdict for plaintiff entered on the verdict of a jury, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Hubbard & Rushmore* and *John D. Pray,* for appellant. *Cornelius Ferguson, Jr., (James C. Church,* of counsel,) for respondent.

BARNARD, P. J. The defendant and one West own docks adjoining each other on Gravesend bay. There was a derrick erected on the west part of the docks, but it was used in unloading boats at the Henjes dock. The defendant leased to Morrissey the privilege of unloading at his dock. The plaintiff, a boatman, was employed on the barge Carrie, loaded with stone, made fast to the dock. The cabin was nearly opposite the mast of the derrick. Some question was made whether the stone barge was tied to the derrick. The plaintiff produced evidence to the contrary, and showing that the barge was tied to the tie pile on the dock. The barge commenced unloading on the 20th day of June, 1890, using its own derrick. In the evening the deceased went out of the cabin of the barge, and the mast of the derrick and its appurtenances fell and killed him. The mast was insufficient and dangerous. It was made a question on the trial whether or not the defendant was in possession of the derrick. The Bensonhurst Club occupied a portion of the west dock, but proof was given tending to show that the defendant was in possession of the derrick in connection with his own dock. This occupancy of defendant was found by the jury on a conflict of testimony. The derrick was erected by the defendant's son, but proof was given tending to show that the use of the dock, including derrick, was carried on for the defendant's benefit. This question also was found in favor of the plaintiff. Assuming that the defendant either erected or was in possession of the derrick on the dock, and that it was dangerous, and while not in use it fell and killed the plaintiff's intestate, these facts will sustain a finding of negligence. The keepers of a pier upon navigable waters owe a duty to keep it in safe condition. *Swords* v. *Edgar,* 59 N. Y. 28. The defendant was owner and occupant of the derrick, and it is a question whether he did not actually con-

struct it.    The deceased was guilty of no contributory negligence.  · He had the right to assume the safety of the structure without an examination; and the fact averred by defendant, that the barge was tied to the derrick, is found in his (plaintiff's) favor upon conflicting evidence.    The judgment should therefore be affirmed, with costs.    All concur.